IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CV-500-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| NEILL PITTMAN GUY, II, as personal representative of the Estate of Samuel Pittman Guy, II, BETTY NEILL GUY-PARSON, MARGARET ANN GUY-ALLIGOOD, NEILL PITTMAN GUY, II, SAMUEL PITTMAN GUY, III, JENNIFER GUY, and PNC BANK | ) | ORDER |
| Defendants. | ) | |

This matter is before the court upon plaintiff's motion for default judgment as to defendants Jennifer Guy and Samuel Pittman Guy, III. (DE 39). The deadline for defendants to respond has expired, and in this posture the issues raised are ripe for ruling. For the following reasons, plaintiff's motion is granted.

## BACKGROUND

Plaintiff began this tax recovery action by filing complaint September 11, 2023. Plaintiff seeks the to reduce to judgment approximately $3.8 million in unpaid taxes owed by deceased taxpayer Samuel Pittman Guy, II, and to enforce corresponding federal tax liens against parcels of real property in Fayetteville, North Carolina.

The clerk entered default against defendants Betty Neill Guy-Parson, Margaret Ann Guy-Alligood, Samuel Pittman Guy, III, and Jennifer Guy February 26, 2024. Plaintiff now seeks

default judgment that the latter two defendants (hereinafter, the "motion defendants") have no interest in the real properties identified in its complaint.

**COURT'S DISCUSSION**

Rule 55 governs default judgments. After a clerk enters default against a defendant, a plaintiff may move for default judgment against that defendant. Fed. R. Civ. P. 55(b). If default judgment seeks relief other than a sum certain, the request must be addressed by the court, not the clerk. Id. Rule 55 also restricts the range of defendants against whom a default judgment may be entered. Id.

In reviewing a motion for default judgment, the court treats the allegations in the complaint as admitted, and so need only determine whether the complaint supports the relief sought. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). A plaintiff must prove entitlement to its pleaded relief by a preponderance of the evidence, and may rely upon affidavits and other documents. See Consol. Masonry & Fireproofing, Inc. b. Wagman Constr. Corp., 383 F.2d 249, 252 (4th Cir. 1967).

Here, all three threshold requirements under Rule 55 and 50 U.S.C. § 3931 are met.[1] Default has been entered against motion defendants, they are not minors or incompetent persons, and they are not in military service. (See generally Mot. Default (DE 28) Ex. 2 (DE 28-2); id. Ex. C (DE 28-5); id. Ex. D (DE 28-6)).

Next, plaintiff's evidence establishes that neither motion defendant has an interest in any of the three parcels of land at issue. Each is held by another party, or another person's estate, and each is encumbered by a federal tax lien. (See Br. Supp. (DE 40) Ex. 1 (DE 40-2); id. Ex. 2 (DE

---

[1] 50 U.S.C. § 3931 prohibits the entry of default judgment against a defendant in active military service.

2

40-3); id. Ex. 3 (DE 40-4); id. Ex. 3 (DE 40-5)). This evidence demonstrates that other parties have interests in the properties at issue, but that motion defendants do not.

Plaintiff thus has demonstrated entitlement to default judgment against Samuel Pittman Guy, III and Jennifer Guy, including an order that neither has any interest in the properties at issue in this case.

## CONCLUSION

For the forgoing reasons, plaintiff's motion for a default judgment against Samuel Pittman Guy, III and Jennifer Guy (DE 39) is GRANTED. The clerk is DIRECTED to enter default judgment in favor of the United States and against Samuel Pittman Guy, III and Jennifer Guy; providing further that Samuel Pittman Guy, III and Jennifer Guy have no interest in the real properties identified in the complaint located in Fayetteville, North Carolina.

SO ORDERED, this the 13th day of May, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge