IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CV-500-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NEILL PITTMAN GUY, II, as personal representative of the Estate of Samuel Pittman Guy, II, BETTY NEILL GUY-PARSON, MARGARET ANN GUY-ALLIGOOD, NEILL PITTMAN GUY, II, SAMUEL PITTMAN GUY, III, JENNIFER GUY, and PNC BANK | ) ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) | |

This tax recovery action, in which plaintiff seeks to reduce to judgment approximately $3.8 million in unpaid taxes owed by deceased taxpayer Samuel Pittman Guy, II, and to enforce corresponding federal tax liens against real property in Fayetteville, North Carolina, was set for hearing March 12, 2025, on plaintiff's motions to strike answer tendered by Neill Pittman Guy, II ("Neill Guy") on behalf of the Estate of Samuel Pittman Guy ("Estate") as its personal representative (DE 51), for entry of default against the Estate (DE 48), and to compel Neill Guy, in his individual capacity, to respond to written discovery (DE 54). Hearing was canceled on account of Neill Guy's personal circumstances set out below. Upon careful consideration, the court dispenses with hearing, decides the motion to compel in plaintiff's favor, and accords the Estate additional time to secure counsel and respond to complaint and the two motions remaining directed against the Estate.

## BACKGROUND

Neill Guy, son of Samuel Pittman Guy, II, appears on his own behalf. Upon plaintiff's motion in the case, he was appointed as personal representative of the Estate. Neill Guy timely filed answer for himself (DE 25). Entry of default has been taken against other family members sued by plaintiff, including sisters of the deceased and Neil Guy's aunts, Betty Neill Guy-Parson and Margaret Ann Guy-Alligood, and the deceased's other children and Neil Guy's siblings, Samuel Pittman Guy, III, and Jennifer Guy. PNC Bank, named as a defendant because it may claim or have an interest in the real property at issue, has answered.

Despite defaults having been entered against them, Betty Neill Guy-Parson and Margaret Ann Guy-Alligood advised by letter (DE 37) that they remain interested in the case. Default judgment has been entered against Samuel Pittman Guy, III and Jennifer Guy, providing they have no interest in the subject real property (DE 46).

Plaintiff also moved for entry of default against the Estate. (DE 48). Neill Guy offered on the record explanation for the Estate's failure to respond, that he did not know he had to answer on behalf of the Estate separately (DE 49). That response was followed on the docket by answer for the Estate (DE 50), through Neill Guy, which plaintiff seeks to strike (DE 51).

The court ordered plaintiff to file a more detailed brief in support of this request, where plaintiff had originally sought the court to impose estate representation upon Neill Guy, "solely for the purposes of this litigation, to advance the presentation of the estate's defenses and/or to negotiate, if willing, settlement." (DE 52). Plaintiff's response (DE 56) provided additional case law for the proposition an estate generally cannot proceed pro se, as plaintiff contends. There appears in the case law some nuance in the argument where an estate has no beneficiaries other than the personal representative. The government noted it cannot identify the estate's beneficiaries

2

with certainty because Neill Guy has refused to provide his father's will; however, plaintiff states it believes that Neill Guy and his siblings Samuel Pittman Guy, III and Jennifer Guy Neill are beneficiaries.

Plaintiff has moved to compel certain written discovery responses on behalf of Neill Guy, which motion also remains pending (DE 54). The will at issue arguably is a subject of this discovery. Before hearing first set on these motions in September 2024, could be undertaken, Neill Guy filed a Chapter 11 bankruptcy petition, staying this action.

Neill Guy's bankruptcy case, however, was dismissed in October 2024, and this case renewed. The parties' joint status report was received January 15, 2025, after which hearing was noticed February 28, 2025, on pending motions together with conference pursuant to Federal Rule of Civil Procedure 16, for March 12, 2025, at 2:00 p.m. at New Bern.

The morning of the hearing, Neill Guy contacted the clerk stating that he had received hearing notice only the previous day, and that he could not travel to New Bern on such short notice because of his medical condition. The clerk inquired if he could attend hearing at a later time on March 12. Neill Guy responded that his medical condition prohibited travel at this time. He commented to the clerk, as reported, that he thought a certain attorney could be retained by the week of March 17, 2025. The court cancelled the March 12, 2025, hearing at obvious inconvenience to plaintiff and PNC Bank.

## DISCUSSION

1. Motion to Compel (DE 54)

Where Neill Guy offers no response to this motion, and plaintiff asserts he has, it appears, simply ignored its discovery requests, the motion is allowed. Neill Guy has until **April 22, 2025**, within which to respond to plaintiff's first sets of interrogatories and requests for production of

3

documents.  **And Neill Guy, you are warned that your failure to comply subjects you to severe consequences, including the possibility of judgment being entered against you in sanction for said failure**.

2. Motion to Strike Answer (DE 51) and Motion for Entry of Default (DE 48)

Plaintiff filed its motion for entry of default May 20, 2024, which engendered that answer which is the subject of its motion to strike filed June 13, 2024.  The court had to prompt plaintiff to review its local rules concerning motion practice and file its supporting memorandum which it did a little over two months later.  (DE 56).  The court noticed requirement that plaintiff identify any other beneficiaries at hearing.  (DE 52).

The court reserves ruling on these two motions where:

a. Plaintiff is directed to supplement its motion to strike by **May 5, 2025**, with more definite showing that the Estate has beneficiaries other than the personal representative.
b. The court accords the Estate additional time up to and through **May 19, 2025**, to retain counsel, whose appearance by then must be noticed, and file by **May 19, 2025**, any response to complaint and to these motions.

## CONCLUSION

As set forth above, motion to compel (DE 54) is allowed, and Neill Guy shall by April 22, 2025, respond to plaintiff's first sets of interrogatories and requests for production of documents. Neill Guy is warned that failure to respond to this written discovery subjects him to severe consequences, including the possibility of judgment being entered against him.  The court reserves ruling on motions to strike answer (DE 51) and for entry of default against the Estate (DE 48), where plaintiff shall by May 5, 2025, supplement its motion to strike.  The Estate is given until

4

May 19, 2025, for counsel to file notice of appearance and to respond to complaint and these motions.

SO ORDERED, this the 19th day of March, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge