IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CV-500-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NEILL PITTMAN GUY, II, as personal ) | |
| representative of the Estate of Samuel ) | ORDER |
| Pittman Guy, II, BETTY NEILL GUY- ) | |
| PARSON, MARGARET ANN GUY- ) | |
| ALLIGOOD, NEILL PITTMAN GUY, II, ) | |
| SAMUEL PITTMAN GUY, III, JENNIFER ) | |
| GUY, and PNC BANK ) | |
| ) | |
| Defendants. ) | |

This matter is before the court upon plaintiff's request for entry of default against defendant Neill Pittman Guy, II, as personal representative of the Estate of Samuel Pittman Guy, II (the "Estate") (DE 48), and plaintiff's motion to strike that defendant's answer (DE 51).

Plaintiff seeks to collect on tax related penalties owed by deceased taxpayer Samuel Pittman Guy, II, and foreclose on certain tax liens against parcels of real property in Fayetteville, North Carolina in this action initiated by complaint filed September 11, 2023. The court appointed, upon the government's request, defendant Neill Pittman Guy, II, to serve as personal representative of the Estate on February 26, 2024. (See Order (DE 32)).

Default has been entered against the other family members sued by plaintiff, including sisters of the deceased and Neill Guy's aunts, Betty Neill Guy-Parson and Margaret Ann Guy-Alligood, and the deceased's other children and Neil Guy's siblings, Samuel Pittman Guy, III, and

Jennifer Guy. (Entry of Default (DE 33)). PNC Bank, named as a defendant because it may claim or have an interest in the real property at issue, has answered. (PNC Answer (DE 24)). Default judgment has been entered against Samuel Pittman Guy, III and Jennifer Guy, providing they have no interest in the subject real property (Order (DE 46)).

On May 20, 2024, plaintiff requested entry of default against the Estate through defendant Neill Pittman Guy, II, as its personal representative. On June 10, 2024, defendant Neill Pittman Guy, II, as personal representative of the Estate and proceeding pro se, responded in the form of an explanation for his failure "to file initial response to complaint." (Resp. (DE 49) 1). Therein, he acknowledged that his response was untimely and explained that he did not understand he had to respond "a second time as the personal representative." (Id.). He further stated that he is "filing [his] response as personal representative with this explanation." (Id.). Continuing pro se, he then filed answer purportedly on behalf of the Estate. (Answer (DE 50)). Thereafter, on June 13, 2024, plaintiff filed the instant motion to strike that putative answer on grounds that a personal representative cannot proceed or answer pro se in these circumstances.

The court noticed August 5, 2024, hearing on these motions for September 17, 2024. (Order (DE 52)). However, on August 30, 2024, Neill Pittman Guy, II brought to the court's attention his filing of a Chapter 11 bankruptcy petition on August 28, 2024, and presented an accompanying motion to stay. (See Suggestion of Bankruptcy (DE 58); Mot. Stay (DE 59)). Accordingly, the court stayed all activity in this case on September 12, 2024, and cancelled the hearing. (Order (DE 61)).

Plaintiff moved to reopen the case October 28, 2024, following dismissal of Neill Pittman Guy, II's bankruptcy case. (Mot. Reopen (DE 62)). The court granted that motion on December 13, 2024. (Order (DE 63)).

2

The court again noticed hearing, this time for March 12, 2025, on the instant motions, together with plaintiff's motion to compel, filed August 16, 2024, directed against Neill Pittman Guy, II, in his individual capacity, related to his failure to respond to certain written discovery. (Mot. Compel (DE 54)).  Plaintiff, it appears, did not receive notice of this hearing until the day before, and was unable then to travel to New Bern.[1]  Hearing suddenly was cancelled at obvious inconvenience to the other parties.

Later and without hearing, the court granted plaintiff's motion to compel March 19, 2025. (Order (DE 66)).  That same date, the court accorded to "the Estate additional time up to and through May 19, 2025, to retain counsel, whose appearance by then must be noticed, and file by May 19, 2025, any response to complaint and to these [two instant] motions."  (Id. at 4).

On April 29, 2025, Howard H. Kroll, of the law firm of Everett Gaskins Hancock Tuttle Hash LLP, entered appearance on behalf of the Estate.  And the Estate filed an answer through counsel, as ordered, by the court's extended deadline.  (Answer (DE 70)).[2]

The court's generous allowance here to the Estate obviates need now for ruling upon plaintiff's request for entry of default (DE 48) and motion to strike (DE 51).  Both shall be terminated by the clerk as moot.  And in conclusion, the long life of this case and the recent appearance of counsel for the Estate necessitate adjustments to the schedule of the case and the obligations of the remaining parties, namely plaintiff, the Estate, Neill Pittman Guy, II, and PNC Bank:

---

[1] The day of the hearing, Neill Pittman Guy, II called the clerk of court to report that he had only received notice the day before, and that his medical condition did not permit him to travel at short notice.

[2] Counsel filed a corrected answer to the complaint two days later in response to a notice of deficiency from the clerk of court.

1. These parties shall, if not already done, exchange by **August 22, 2025**, the information required by Federal Rule of Civil Procedure 26(a)(1),

2. All discovery shall be commenced or served in time to be completed by **December 31, 2025**.

3. Disclosures required by Federal Rule of Civil Procedure 26(a)(2), including reports from retained experts, shall be served by **October 31, 2025**.

4. Supplementations of disclosures under Federal Rule of Civil Procedure shall be served at such times and under such circumstances as required by that rule, and in addition, shall be served by **November 21, 2025**.

5. Any motion to join additional parties or to otherwise amend the pleadings shall be filed by **August 22, 2025**.

6. All potentially dispositive motions shall be filed by **January 23, 2026**.

And unless herein amended, terms and conditions of the court's case management order remain in force and effect:

SO ORDERED, this the 18th day of August, 2025.

LOUISE W. FLANAGAN
United States District Judge